UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA      :

   - v. -      :   08 Cr. 124 (DLC)

JOSEPH JORDAN,      :

       Defendant.      :

------------------------------------------------------x

# JOSEPH JORDAN'S MOTION TO DISMISS COUNTS ONE AND TWO OF THE INDICTMENT AS DEFICIENT OR IN THE ALTERNATIVE FOR A BILL OF PARTICULARS

LEONARD F. JOY, ESQ.
Federal Defenders of New York
Attorney for Defendant
**JOSEPH JORDAN**
52 Duane Street - 10th Floor
New York, New York 10007
Tel.: (212) 417-8734

**FIONA DOHERTY, ESQ.**
Of Counsel

TO:   MICHAEL J. GARCIA, ESQ.
       United States Attorney
       Southern District of New York
       One. St. Andrew's Plaza
       New York, New York 10007
       Attn: **HOWARD MASTER, ESQ.**
          Assistant United States Attorney

# **TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.  COUNTS ONE AND TWO SHOULD BE DISMISSED AS THEY ARE INSUFFICIENT
    REGARDING THE CHARGED THREATS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A. The Government Must Prove That A Charged Communication Meets The
       "True Threat" Test In Establishing The Elements of Count One . . . . . . . . . . . . . . . . . . 3

    B. The "True Threat" Test Also Applies to Count Two . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    C. Counts One and Two Are Insufficient In That They Do Not Allege Any
       "True Threats" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II. IN THE ALTERNATIVE, A BILL OF PARTICULARS IS REQUIRED. . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA         :

    - v. -                                              :         08 Cr. 124 (DLC)

JOSEPH JORDAN,                            :

            Defendant.             :

------------------------------------------------------x

**JOSEPH JORDAN'S MOTION TO DISMISS COUNTS ONE AND TWO OF THE INDICTMENT AS DEFICIENT OR IN THE ALTERNATIVE FOR A BILL OF PARTICULARS**

**INTRODUCTION**

The defendant, Joseph Jordan, respectfully submits this memorandum of law in support of his motion to dismiss the first and second counts of the indictment under Rules 7(c) and 12(b)(3) of the Federal Rules of Criminal Procedure for a lack of specificity. The first and second counts of the indictment do not provide the requisite notice of the specific offenses with which Mr. Jordan is being charged, thereby compromising the ability of the defense to prepare for trial. If the Court declines to dismiss the first two counts, the defense moves in the alternative for a bill of particulars under Rule 7(f) of the Federal Rules of Criminal Procedure.

**STATEMENT OF FACTS**

On March 3, 2008, Joseph Jordan was presented before the Honorable Ronald Ellis on a three-count indictment. See May 8, 2008 Affirmation of Fiona Doherty ¶ 3. On May 5, 2008, the defense received a copy of a superseding indictment, which contains seven additional counts.

1

Id. The defense understands that the government intends to make supplemental discovery concerning these additional counts. Id. This motion deals only with the three counts contained in the original indictment. These three counts are also the first three counts of the superseding indictment.

Count One of the indictment charges Mr. Jordan with a violation of 18 U.S.C. § 875(c), which provides as follows:

> Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 875(c). In reciting the facts on which the charge is based, Count One alleges that Mr. Jordan "made telephone calls, and sent e-mails and facsimiles, in which [he] threatened to kidnap his former girlfriend ("Victim-1"), and to injure the person of Victim-1, Victim-1's aunt ("Victim-2"), and other members of Victim-1's immediate family." See Superseding Indictment. No further detail is provided about the substance of these alleged threats. Id. None of the specific language is provided. Id.

Count Two charges Mr. Jordan with a violation of 18 U.S.C. § 878, which makes it a crime to "knowingly and willfully threaten[] to violate section 112, 1116, or 1201." 18 U.S.C. § 878. The indictment claims that Mr. Jordan violated 18 U.S.C. § 878 by making threats: (a) to "assault, strike, wound, imprison, offer violence to, and to make a violent attack on the private accommodation of an internationally protected person" in violation of 18 U.S.C. § 112(a); and (b) "to seize and confine an internationally protected person" in violation of 18 U.S.C. § 1201(a)(4). See Superseding Indictment. After thus tracking the statutory language, the

indictment then provides the following summary account of the threats Mr. Jordan allegedly made: "Jordan made telephone calls, and sent e-mails and facsimiles, in which Jordan threatened to attack the residence of Victim-2, who is an internationally protected person, and to seize and harm Victim-2 if Victim-2 resisted Jordan's efforts to kidnap Victim-1." Id. No further detail is provided. Id.

## ARGUMENT

I.  COUNTS ONE AND TWO SHOULD BE DISMISSED AS THEY ARE INSUFFICIENT REGARDING THE CHARGED THREATS.

### A. The Government Must Prove That A Charged Communication Meets The "True Threat" Test In Establishing The Elements of Count One.

Under 18 U.S.C. § 875(c), it is unlawful to communicate in interstate or foreign commerce a threat to kidnap or injure any other person. See 18 U.S.C. § 875(c). In order to sustain a conviction under 18 U.S.C. § 875(c), however, "it is not enough to show the use of language that is literally threatening." United States v. Sovie, 122 F.3d 122, 125 (2d Cir. 1997). "Rather, the government must show" the existence of a "true threat." Id. Under Second Circuit case law, only communications that meet the following test qualify as "true threats":

> So long as the threat on its face and in the circumstances in which it is made is so unequivocal, unconditional, immediate and specific as to the person threatened, as to convey a gravity of purpose and imminent prospect of execution, the statute may properly be applied.

United States v. Kelner, 534 F.2d 1020, 1027 (2d Cir. 1976).

The Second Circuit requires that all statements criminalized under 18 U.S.C. § 875(c) meet the "true threat" test in order to satisfy the First Amendment concerns that would otherwise arise out of the application of the statute. See, e.g., United States v. Francis, 164 F.3d 120, 122

(2d Cir. 1999) (noting that "the statute criminalizes only 'true threats'" in order to satisfy First Amendment concerns). In Kelner, the Court emphasized that any statute (such as 18 U.S.C. 875(c)) "which makes criminal a form of pure speech, must be interpreted with the commands of the First Amendment clearly in mind." Kelner, 534 F.2d at 1026. Accordingly, the Court fashioned the "true threat" test in order to narrow the construction of the word "threat" in 18 U.S.C. § 875(c) and make the statute consistent with the First Amendment. Id. at 1027. Once a statement meets the "true threat" test, it is no longer "protected speech" under the First Amendment because it "is so intertwined with violent action that it has essentially become conduct rather than speech." Francis, 164 F.3d at 123.

Thus, the Second Circuit has "routinely" used the term "true threat" in setting forth the elements of 18 U.S.C. § 875(c). Francis, 164 F.3d at 123, n. 4. To establish a violation of the statute, the government must prove that "the defendant intentionally transmitted a communication in interstate commerce and that the circumstances were such that an ordinary, reasonable recipient familiar with the context of the communication would interpret it as a true threat of injury." Id. at 123. The question of whether a defendant's communication is a true threat rather than speech protected by the First Amendment is a threshold question of law for the Court. Id., 164 F.3d at 123, n. 4. The question of whether a reasonable person would interpret the communication as a true threat is a question for the jury at trial. Id.

B.   **The "True Threat" Test Also Applies to Count Two.**

The second count of the indictment also seeks to criminalize language that Mr. Jordan allegedly used. Like 18 U.S.C. § 875(c), 18 U.S.C. § 878 criminalizes a form of pure speech. In

4

relevant part, Section 878 makes it unlawful to "threaten" to do violence to an internationally protected person or to "threaten" to kidnap an internationally protected person. In order to sustain a conviction under the statute, only words – not actions – are required. Thus, § 878 raises exactly the same First Amendment concerns that so troubled the Second Circuit in Kelner.[1]

Given the identical concerns – about the identical subject (the meaning of the word "threat") – the Second Circuit's "true threat" test (developed for 18 U.S.C. § 875(c)) must also be applied to 18 U.S.C. § 878. Although there do not appear to be any Second Circuit cases interpreting 18 U.S.C. § 878, the Court's precedent makes clear that unless the meaning of the word "threat" is appropriately narrowed, the statute would unconstitutionally infringe First Amendment rights. The fact that First Amendment rights must be of utmost concern is also evident on the face of 18 U.S.C. § 112, one of Section 878's underlying statutes. See 18 U.S.C. § 112. Section § 112(d) specifically provides: "Nothing contained in this section shall be construed or applied so as to abridge the exercise of rights guaranteed under the first amendment to the Constitution of the United States." 18 U.S.C. § 112(d).

---

[1] Indeed, the Second Circuit's decision in Kelner was itself extrapolated from a Supreme Court decision, narrowing the meaning of the word "threat" in a statute criminalizing threats made against the President of the United States. See Kelner, 534 F.2d at 1026-1028 (discussing its view of the Supreme Court's decision in United States v. Watts, 394 U.S. 705 (1969)). Drawing on the Supreme Court's analysis, the Second Circuit concluded that the meaning of the word "threat" in 18 U.S.C. § 875(c) had to be constitutionally limited to reach only "unequivocal, unconditional, and specific expressions of intention immediately to inflict injury." Id. at 1027.

5

### C.  Counts One and Two Are Insufficient In That They Do Not Allege Any "True Threats."

In this case, Counts One and Two of the indictment provide only the most general recitation of the threats that Mr. Jordan is alleged to have made. Count One claims only that Mr. Jordan "made telephone calls, and sent e-mails and facsimiles, in which Jordan threatened to kidnap his former girlfriend ("Victim-1") , and to injure the person of Victim-1, Victim-1's aunt ("Victim-2"), and other members of Victim-1's immediate family." Count Two provides only that "Jordan made telephone calls, and sent e-mails and facsimiles, in which Jordan threatened to attack the residence of Victim-2, who is an internationally protected person, and to seize and harm Victim-2 if Victim-2 resisted Jordan's efforts to kidnap Victim-1."

Neither count contains any further detail about the actual content of these alleged communications. Without such detail, the indictment fails to sufficiently allege that Mr. Jordan's statements constituted "true threats" within the meaning of Second Circuit case law. Thus, the indictment fails to allege all of the necessary elements of what it claims constitutes criminal conduct under 18 U.S.C. §§ 875(c) and 878. Instead, Counts One and Two do little more than recite the broad language of the statute.

Under Rule 7(c)(1) of the Federal Rules of Criminal Procedure, an indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). Although the statutory language may be used in laying out the general description of an offense, this is only sufficient if the words of the statute "'fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'" Hamling v. United States, 418 U.S. 87, 117

6

(1974) (quoting United States v. Carll. 105 U.S. 611, 612 (1882)). "'Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, under which he is charged.'" Id. at 117-118 (quoting United States v. Hess, 124 U.S. 483, 487 (1888)); see also United States v. Cruikshank, 92 U.S. 542, 558 (1875) ("It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, 'includes general terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species, - it must descend to particulars.")

In this case, Counts One and Two do not provide Mr. Jordan with sufficient notice of the particular offenses with which he has been charged. The indictment provides only the most rote summary of the nature of the threats Mr. Jordan allegedly made, without specifying any of the language used in the "threats," when this language was used, and to whom each of the threats was allegedly made. This is despite the fact that it is alleged language, itself, that will be the central issue at trial on these counts. The "cryptic form" of the Government's indictment would "require the defendant to go to trial with the chief issue undefined." Russell v. United States, 369 U.S. 749, 764, 766 (1962) (finding that an indictment was defective because it did not inform the defendant of "what he must be prepared to meet").[2]

---

[2] In Russell, the Supreme Court also highlighted "an important corollary purpose to be served by the requirement that an indictment set out 'the specific offense, coming under the general description,' with which the defendant is charged." Russell, 369 U.S. at 768. This is "to inform the Court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." Id.

7

Indeed, the failure to specify the language of the charged threats is insufficient on its face, as the indictment does not establish that any "true threats" are alleged. See, e.g., id. at 763 (emphasizing that the indictment must contain the elements of the offense intended to be charged). As noted, the Second Circuit uses the term "true threat" in laying out the elements of 18 U.S.C. § 875(c) and requires that the Government prove that the language charged meets the "true threat" test. Francis, 164 F.3d at 123, n. 4. Thus, the Second Circuit has significantly narrowed what is criminalized under the statute – moving away from the general meaning of the word "threat" to the very specific application of its "true threat" test. Given this backdrop, the Government's general allegation in Count One that Mr. Jordan made certain threats – without providing the language of those threats – is insufficient as a matter of law. The same analysis is equally applicable to Count Two, as noted in the previous section.

In one Southern District of New York case, involving an 875(c) charge, for example, Judge Sweet made clear that he believed that the indictment must allege a "true threat." See United States v. Francis, 975 F.Supp. 288 (S.D.N.Y. 1997) (reversed on other grounds). In that case, the defendant had threatened to "blow [the complainant's] fucking head off," "cut [the complainant] up into a thousand goddam fucking tiny pieces," "slit [the complainant's] throat", and kill the complainant. Id. at 291. In considering a challenge to the indictment as facially defective, Judge Sweet noted that "the indictment sufficiently alleges that Francis' statements constituted a true threat and thus satisfies the objective component of the "threat element", as the statements "on their face and under the circumstances" appear "so unequivocal, unconditional, immediate, and specific as to the person threatened, as to convey a gravity of purpose and

imminent prospect of execution." Id. at 294.

Because Counts One and Two of the indictment fail to provide the necessary detail about the alleged threats, the defense respectfully requests that both of these counts be dismissed. In the alternative, as discussed in the next section, the defense would respectfully request that a bill of particulars be provided. Even if additional information were to be provided in a bill of particulars, however, this could not save a defective indictment, which would have to be dismissed. See, e.g., Russell, 369 U.S. at 770 ("[I]t is a settled rule that a bill of particulars cannot save an invalid indictment."); United States v. Walsh, 194 F.3d 37, 45 (2d Cir. 1999).

## II. IN THE ALTERNATIVE, A BILL OF PARTICULARS IS REQUIRED.

On April 16, 2008, the defense sent a written request, asking the Government to specify the communications it was relying upon in charging Mr. Jordan under the original indictment. See Doherty Aff. ¶ 5. Since then, the Government and the defense have conferred numerous times about whether the government would be willing to provide a bill of particulars in this case. Id. Although the Government has not declined to provide a bill of particulars, the defense has been informed that the Government will not be prepared to make a decision on this matter before the May 8, 2008 motion deadline. Id.

Rule 7(f) of the Federal Rules of Criminal Procedure allows a defendant to seek a bill of particulars in order to identity with sufficient particularity the nature of the charges pending against him, thereby enabling him to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense. See Wong Tai v. United States, 273 U.S. 77, 81-82 (1927); United States v. Bortnovsky, 820 F.3d 572, 574 (2d

Cir. 1987). A bill of particulars is required when the charges in the indictment "are so general that they do not advise the defendant of the specific acts of which he is accused." United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990). Because the defendant is presumed innocent, he must be presumed ignorant of all of the facts on which the charges are based. See, e.g., United States v. J.M. Huber Corp., 179 F.Supp. 570, 573 (S.D.N.Y. 1959) ("Nor is it any answer to a motion for a bill of particulars for the government to say: 'The defendant knows what he did, and, therefore, has all the information necessary.' This argument could be valid only if the defendant be presumed to be guilty. *** Being presumed to be innocent, it must be assumed that he is ignorant of the facts on which the pleader founds his charges.") (Quoting United States v. Smith, 16 F.R.D. 372, 375 (W.D.Mo. 1954).

The information sought in a bill of particulars is "not what actually happened but what the opponent claims happened." Id. The fact that a bill of particulars might require some disclosure of the Government's evidence is not a basis for denying the request, when such information is necessary to preparing the defense and avoiding prejudicial surprise at trial. See, e.g., United States v. Barnes, 158 F.3d 662, 665 (2d Cir. 1998) ("[I]t is of no consequence that the requested information would have required the disclosure of evidence or the theory of the prosecution. While a bill of particulars 'is not intended, as such, as a means of learning the government's evidence and theories,' if necessary to give the defendant enough information about the charge to prepare his defense, 'it will be required even if the effect is the disclosure of evidence or of theories.'").

10

In this case, a bill of particulars is required to provide information about the alleged threats that the Government is claiming violated the statutes in Counts One and Two. As noted above, the Government has not provided any information in the indictment about which threats it contends constitute "true threats." Indeed, the indictment does not provide the specific language of any of these alleged threats, when such threats were made, and to whom they were made. The defense needs this information in order to prepare its case, respond to the alleged language, investigate the surrounding context, determine if there were any witnesses to any particular statement, and assess whether there is an alibi to present. As the Second Circuit has noted, context can be particularly important in assessing whether a statement constitutes a "true threat":

> [S]ection 875(c) requires that threatening language be a "true threat." The seriousness of threatening language often turns on the context of various statements, including the relationship of one threat to another, repetition, and other statements near or at the time of the threats."

Sovie, 122 F.3d at 128.

In addition, the lack of specificity in the first two counts makes it impossible for defense counsel to raise the appropriate legal issues for trial. Without knowing more about the alleged criminal conduct, for example, the defense cannot ask the Court to determine as a matter of law whether a particular alleged statement is a "true threat" or protected speech under the First Amendment. See Francis, 164 F.3d at 123, n. 4 (noting that the question of whether a defendant's communication is a true threat rather than speech protected by the First Amendment is a threshold question of law for the Court). The defense is also hampered in such basic tasks as conceiving of and preparing proposed charge instructions and advocating with appropriate detail for its position. See, e.g., Sovie, 122 F.3d at 128 (noting in the context of an 875(c) case that the

11

Second Circuit does not foreclose "the giving of an instruction upon an appropriate request . . . indicating the need for jury unanimity regarding which particular statement constituted a "true threat").

The discovery that has been provided in the case, moreover, in no way obviates the need for a bill of particulars. See Bortnovsky, 820 F.2d at 574 (noting that a bill of particulars is not required if the information sought by the defendant is provided in some acceptable alternate form). Although the discovery received by the defense does contain e-mails and faxes, allegedly prepared by Mr. Jordan, see Doherty Aff. ¶ 4, the defense does not believe that any of these written communications would establish a "true threat." Counts One and Two also claim, however, that Mr. Jordan made an unspecified number of oral statements in telephone calls that violate the applicable statutes. Id. In the discovery provided to date, it appears that the Government has provided details about one such oral statement (or set of statements) relating to the First Count. Id. This statement – an alleged threat to get to Victim-1, kill Victim-1 and "take [her] off the planet" – is recounted in a search warrant affidavit, prepared by FBI Special Agent Brandon Waller.[3] Id. With respect to the timing of this alleged statement, the affidavit indicates only that it was made sometime between approximately December 5, 2007 and December 16, 2007. Id. With respect to Count Two, the defense does not believe that any oral statements have

---

[3] The affidavit also contains additional oral threats that Victim-1 apparently claimed were made when both she and Mr. Jordan were still in New York. The defense does not understand the Government to be alleging that these threats were communicated in interstate commerce, as required under 18 U.S.C. § 875(c).

12

been disclosed that would (if proved) constitute true threats.[4] Id.

In Bortonovsky, for example, the Second Circuit found that the district court had erred in denying the defendants' motion for a bill of particulars in a case involving a scheme to defraud federal and state agencies through the submission of false and inflated insurance claims. 820 F.2d at 574-575. The Court reversed the defendants' convictions, finding that they should have received a bill of particulars identifying the fraudulent documents and the dates of the fake burglaries. Id. The Court held that it was not enough for the Government to have provided 4,000 documents to defense counsel, who were left unguided as to which documents would be proven falsified or which of some 15 burglaries would be demonstrated to be staged. Id.

In this case, the Government has not provided the defense (in any form) with all of the necessary information about which alleged threats (containing what specific language) are at issue in this case. See, e.g., United States v. Ganim, 225 F.Supp.2d 145, 155-56 (D.Conn. 2002) (granting a motion for a bill of particulars, when the Government declined to particularize the benefits the defendant had allegedly received in exchange for official acts). Without a bill of particulars from the Government providing details about the alleged "true threats," the defense cannot properly prepare for trial in this case. We therefore respectfully request that the Court order the Government to provide a bill of particulars to Mr. Jordan.

---

[4] Although the FBI affidavit claims that Mr. Jordan made several calls to Victim-2's residence between approximately December 28, 2007 and December 31, 2007, the affidavit provides information about only one such oral statement, which Mr. Jordan allegedly made on December 28, 2007. Mr. Jordan purportedly left a message stating that he would be leaving New York that evening for London. We are not aware if the Government intends to claim at trial that this constitutes a "true threat."

## CONCLUSION

For the foregoing reasons, the defense respectfully requests that the Court dismiss the first and second counts of the superseding indictment. In the alternative, the defense requests that the Court order the Government to provide a bill of particulars.

Dated:   New York, New York
         May 8, 2008

> LEONARD F. JOY, ESQ.
> Federal Defenders of New York, Inc.
> Attorney for Defendant
> **JOSEPH JORDAN**
> 52 Duane Street - 10th Floor
> New York, New York  10007
> Tel.:  (212) 417-8734
>
> *Fiona Doherty*
> **FIONA DOHERTY, ESQ.**
> Of Counsel

TO:   MICHAEL J. GARCIA, ESQ.
      United States Attorney
      Southern District of New York
      One Saint Andrew's Plaza
      New York, New York 10007
      Attn: **HOWARD MASTER, ESQ.**
            Assistant United States Attorney