# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

Leonard F. Joy
*Executive Director*

*Southern District of New York*
John J. Byrnes
*Attorney-in-Charge*

June 25, 2008

**BY HAND**

Honorable Denise L. Cote
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

> Re:   **United States v. Joseph Jordan,**
>       **08 Cr. 124 (DLC)**

Dear Judge Cote:

I write on behalf of my client, Joseph Jordan, to reply to the government's opposition papers to the defense's pretrial motions. In this reply, the defense focuses on its motions for: (1) dismissal of Counts One and Two of the indictment for lack of specificity or in the alternative, for a bill of particulars; and (2) severance of Counts One through Three of the indictment (the "Threat Counts") from Counts Four through Ten (the "Fraud Counts") under Rules 8(a) and 14(a) of the Federal Rules of Criminal Procedure. Because the government consents to an evidentiary hearing on the defense's two suppression motions, we do not address those motions in this reply brief. We would ask for a further opportunity to submit briefing on the suppression issues, however, after an evidentiary hearing on these motions.

### I.   Motion to Dismiss and Bill of Particulars

The defense's motion to dismiss the first two counts of the indictment still stands for all of the reasons laid out in our original submission. See Joseph Jordan's May 8, 2008 Memorandum of Law in Support of his Motion to Dismiss Counts One and Two of the Indictment as Deficient, or in the Alternative for a Bill of Particulars, at 3-9. The fact that the government has now provided the defense with a bill of particulars cannot cure the defective indictment. See, e.g., Russell v. United States, 369 U.S. 749, 770 (1962) ("[I]t is a settled rule that a bill of particulars cannot save an invalid indictment.")

Honorable Denise L. Cote  
United States District Judge  
Southern District of New York

June 25, 2008  
Page 2

Re: **United States v. Joseph Jordan,**  
**08 Cr. 124 (DLC)**

Furthermore, the bill of particulars, which was provided on June 9, 2008, is insufficient in a number of respects. See June 20, 2008 Government Memorandum Letter ("Gov't Memo"), Exhibit B. It does not include the required detail on the two alleged phone threats that relate to Count One of the indictment. Id. With respect to these two alleged phone threats, the bill of particulars notes only as follows:

a. Between in or about December 5, 2007, and in or about December 16, 2007, JORDAN stated to Victim-1 via telephone that, in sum and substance, he would "kill" Victim-1 and "take [her] off the planet."

b. Between in or about December 7, 2007, and in or about December 16, 2007, JORDAN stated to Victim-1's sister and Victim-1's mother via telephone that, in sum and substance, he would "kill them" and "wipe all of [them] off the face of the earth."

Id.

Although the bill of particulars does now provide the language of these alleged threats, the defense requires some additional information in order to prepare adequately for trial. With respect to the threats to Victim-1 (i.e. Simone Thenault), the defense needs to know the date and time of the alleged call(s) to Victim-1, whether both threats were allegedly made during the same call, and whether the threats were allegedly repeated (or whether the government is contending they were made only once). With respect to the threats to Victim-1's sister and mother, the defense needs to know the date and time of these alleged calls, to whom each alleged threat was made and when, and whether the threats were allegedly repeated. As it stands, the government has provided only a broad time-span of when these alleged threats were made (either between December 5, 2007 and December 16, 2007 or between December 7, 2007 and December 16, 2007). Id. This does not afford the defense the opportunity to properly investigate the alleged threats or to attempt to rebut the charges based on an alibi defense or any other time-sensitive issue. The government should not be permitted to withhold this essential information about the calls.

**II.     The Threat and Fraud Counts Must Be Severed.**

The government has not shown that the Threat Counts and the Fraud Counts are of a similar character or that they are connected by a common scheme or plan. The government's claims in this regard ignore the starkly different nature of the two sets of crimes charged, the unique elements of each set of crimes, the distinct motives involved, the vastly dissimilar time

Honorable Denise L. Cote  
United States District Judge  
Southern District of New York

June 25, 2008  
Page 3

    Re:    **United States v. Joseph Jordan,**  
           **08 Cr. 124 (DLC)**

periods concerned,[1] the differing geographic locations, and the fact that each alleged set of crimes involves a separate set of victims. See Fed.R.Crim.P. 8(a). The government also simply glides over the overwhelming prejudice that would accrue to Mr. Jordan if both sets of charges were tried together. See Fed.R.Crim.P. 14(a).

        The government argues, for example, that the Fraud and Threat Counts are of a similar character and part of a common scheme or plan because it expects to demonstrate that the "defendant's efforts to steal others' identities charged in the Fraud Counts facilitated his commission of the Threat Counts and enabled him to evade detection by law enforcement officials." Gov't Memo at 9. As a preliminary matter, the alleged preexisting use of other people's identities (which "enabled [Mr. Jordan] to evade detection") is not particularly material to the Threat Counts, as evading detection is not an element of the Threat Counts that the government must prove at trial. Furthermore, based on conversations with the government, the defense does not understand the government to be arguing that Mr. Jordan actively used the names of any of the alleged Fraud Count victims in making the threats charged in Counts One through Three. We understand that instead the government believes that Mr. Jordan's mobile phone was registered in the name of one particular fraud victim (Douglas Fidler) – but that this registration predated the extremely short time-period of the alleged threats (December 2007 - January 11, 2008). The government does not say in its papers that the Threat Count victims were under the misimpression that a person named "Douglas Fidler" was making the alleged threats. Indeed, we understand that Ms. Thenault and her family thought it was Mr. Jordan (Ms. Thenault's former boyfriend) who was making the threats and that they informed the government of this early-on.

        Furthermore, although the government contends that both sets of counts involved the "misuse of others' identities," see Gov't Memo at 9, the defense understands that each set of counts involves a separate and distinct set of victims. The victims of the Threat Counts are allegedly Ms. Thenault, Ambassador Morean-Phillip, and other members of Ms. Thenault's immediate family. The alleged victims of the Fraud Counts, meanwhile, are Patrick Jordan, Douglas Fidler, Joseph Landa, Jason Kaufman, and Matthew McGlasson. Again, the defense does not understand the government to be arguing that Mr. Jordan actively identified himself to Ms. Thenault (or any members of her family) using the names of the alleged Fraud Count victims in the phone calls, faxes, or e-mails charged in Counts One through Three. Instead, we understand that the government contends that Mr. Jordan (in perpetrating the alleged threats)

---

    [1]    The conduct in the Threat Counts allegedly occurred between December 2007 and January 11, 2008 (a period of a month and a half), while the conduct in the Fraud Counts allegedly dates back to 2005 (a period of over three years). See Indictment.

Honorable Denise L. Cote  
United States District Judge  
Southern District of New York

June 25, 2008  
Page 4

Re:  **United States v. Joseph Jordan,**  
     **08 Cr. 124 (DLC)**

improperly pretended to be Ms. Thenault and a person named "John." See Gov't Memo at 10. We do not believe, however, that either Ms. Thenault or "John" are the alleged victims of the Fraud Counts.

Given these circumstances, it is unclear why Ms. Thenault or any members of her family would be necessary (or even relevant) witnesses with respect to the Fraud Counts, which allege essentially financial wrongdoing. Furthermore, the fact that an unidentified number of agents might have to testify twice regarding the search warrant – and that a computer forensic analyst would have to testify twice about the computers – would not unnecessarily prolong trial in this case. The documents provided in discovery relating to Threat Counts (such as phone records, e-mails, faxes, and letters allegedly directed at or concerning Ms. Thenault and her family) are for the most part separate and distinct from the documents relating to the Fraud Counts (documents consisting, for example, of bank records, business records, and credit card records in the names of the alleged Fraud Count Victims). Testimony regarding the two sets of documents could be taken separately without compromising judicial economy.

Furthermore, it has become increasingly clear that trying the Threat and Fraud Counts together would cause substantial prejudice to Mr. Jordan. As laid out in our initial briefing, the incendiary nature of the conduct charged in Counts One through Three is by itself enough to cause irrevocable damage to Mr. Jordan's right to have a fair trial on Counts Four through Ten. Since our brief was submitted, moreover, the government has provided preliminary notice that it intends to offer at trial, pursuant to Federal Rule of Evidence 404(b), evidence of Mr. Jordan's prior convictions for "the violent assault of his ex-wife" and the "kidnaping of, and violent assault on, his sister." See Gov't Memo at 9-10, n. 7. The government has also informally notified the defense that it hopes to call at trial witnesses (including Mr. Jordan's ex-wife) from these two prior cases.

While the admissibility of such testimony and evidence can only be determined by the Court after full briefing by the parties (and the defense has not yet been provided with the necessary discovery regarding these witnesses or convictions), it is at least conceptually more likely that any such evidence might be admissible with respect to the Threat Counts than with respect to the Fraud Counts. Allowing this kind of inflammatory evidence into a trial on the Fraud Counts would seem to be so unnecessarily prejudicial as to render a fair verdict on these counts all but impossible, no matter what limiting instructions might be provided.

Honorable Denise L. Cote                                          June 25, 2008
United States District Judge                                      Page 5
Southern District of New York

Re:   United States v. Joseph Jordan,
      08 Cr. 124 (DLC)

### III. Conclusion

For these additional reasons, the defense respectfully requests that the Court enter an order: (1) dismissing Counts One and Two of the indictment as deficient; (2) requiring the government in the alternative to provide more specific detail on the two alleged phone threats relating to Count One; and (3) severing trial on the Fraud and Threat Counts.

Respectfully submitted,

*Fiona Doherty*

Fiona Doherty
Attorney for **Joseph Jordan**
Tel.: (212) 417-8734

cc:   Mr. Howard Master, Esq.
      Assistant United States Attorney (by hand)