# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

Leonard F. Joy
*Executive Director*

August 20, 2008

*Southern District of New York*
John J. Byrnes
*Attorney-in-Charge*

**BY ECF AND FAX**

Honorable Denise L. Cote
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

    Re:    <u>United States v. Joseph Jordan,</u>
              08 Cr. 124 (DLC)

Dear Judge Cote:

      I write on behalf of my client, Joseph Jordan, to respond to the Court's August 20, 2008 Order, directing the defense to provide authority that limits the Government's right to introduce items seized from the defendant's person pursuant to a lawful arrest. In the absence of such authority, the Court has indicated that it will not hold an evidentiary hearing on Mr. Jordan's motion to suppress evidence seized during his January 11, 2008 arrest. The defense believes, however, that an evidentiary hearing is required because there are factual disputes concerning how and why the wallet was searched – including whether the contents of the wallet were searched as part of an inventory search or as part of a search incident to arrest.

      In its papers, the defense argued that the evidence seized during Mr. Jordan's arrest was unlawfully searched on February 6, 2008 – nearly a month after Mr. Jordan's arrest – and that this improper search enabled the government to obtain a search warrant for 2773 Reservoir Avenue in the Bronx. The defense's argument was based on a government affidavit for a search warrant, sworn out by FBI Special Agent Brandon Waller, on February 8, 2008. See Search Warrant Affidavit, Government Exhibit C. In this affidavit, Agent Waller described the February 6, 2008 search as a "routine inventory search" of Mr. Jordan's wallet. See id. ¶ 10. According to the affidavit, in searching through the wallet, an unidentified officer recovered a "business card of a car service company" that contained a handwritten note listing the 2773 Reservoir Avenue address. Id. That same day, two NYPD detectives traveled to 2773 Reservoir Avenue to investigate whether the building contained Mr. Jordan's residence. Id. ¶ 11. The next day, Agent Waller returned to the building with one of the detectives and later applied for the search warrant for 2773 Reservoir Avenue based on what they had observed and learned during the two visits to the building. Id. ¶¶ 12-14. Thus, the defense argued – based on factual assertions contained in Agent Waller's own affidavit – that the February 6, 2008 search was an "inventory

Honorable Denise L. Cote  
United States District Judge  
Southern District of New York

August 20, 2008  
Page 2

Re:   **United States v. Joseph Jordan,**  
      **08 Cr. 124 (DLC)**

search" and that this inventory search was improper for all of the reasons laid out in our moving papers.

In its response, the government conceded that the resolution of the defense motion to suppress the evidence seized from Mr. Jordan depended on disputed factual issues and that an evidentiary hearing was warranted. The government went on to argue, however, that it would expect the evidence at any such hearing to show that Mr. Jordan's papers and wallet were properly seized and searched incident to his arrest on January 11, 2008. The government also proffered that the contents of the wallet were photocopied and inventoried prior to the February 6, 2008 search of the wallet, described in Agent Waller's search warrant application. The government did not provide any further detail about either the February 6, 2008 search or any such prior searches. Based on conversations with the government, however, we understand that the government will now claim that the February 6, 2008 search was not really an inventory search.

Because the most basic questions about the February 6, 2008 search (and any such prior searches) have not yet been answered, an evidentiary hearing is required. At this point, for example, the nature of the February 6, 2008 search, the importance of that search, and the justification for that search are all in dispute. Under Second Circuit case law, if a defendant raises a dispute over specific facts that are material to the resolution of a suppression hearing, the Court is required to hold an evidentiary hearing to resolve the factual dispute. See, e.g., United States v. Gaines, 457 F.3d 238, 243-44 (2d Cir. 2006) (remanding for new evidentiary hearing due to court's insufficient fact findings on disputed factual issues raised in course of suppression motion); United States v. Billups, 181 Fed.Appx. 79, **2 (2d Cir. 2006) (noting that evidentiary hearing required when "contested issues of fact going to the validity of the search are in question") (citations omitted); United States v. Mathurin, 148 F.3d 68, 69 (2d Cir. 1998) (holding that a disagreement between the parties over whether Miranda warnings were given created a factual dispute that could not be resolved without an evidentiary hearing).

With regard to the government's undeveloped factual claim that the wallet and papers were properly searched (an undisclosed number of times) prior to February 6, 2008 – and that these prior searches are somehow dispositive – the defense is not yet in a position to adequately respond. Although the government has indicated that the wallet and papers were seized and searched "contemporaneously" with the arrest, the search warrant application did not indicate that these items were searched incident to arrest (only that they were seized incident to arrest). Furthermore, there has been no subsequent testimony about exactly when or where the evidence was seized (i.e. on the street or back at the FBI offices), when or where it was searched, by whom, under what circumstances, for what purpose, how thoroughly it was searched, under what

Honorable Denise L. Cote  
United States District Judge  
Southern District of New York

August 20, 2008  
Page 3

Re: **United States v. Joseph Jordan,**  
08 Cr. 124 (DLC)

procedures, and whether the wallet and/or papers were in the exclusive control of the authorities at the time. Under the applicable case law, all of these questions are relevant to whether the prior search (or rather searches) can be justified as incident to arrest.

The "search incident to arrest" exception to the warrant requirement applies only where there is an immediate "need to ensure that the person arrested not have access to a weapon or to destructible evidence." United States v. Perea, 986 F.2d 633, 643 (2d Cir. 1993); see also United States v. Lartey, 716 F.2d 955, 965-66 (2d Cir. 1983) (absent exigent circumstances that the evidence would be destroyed or that harm would come to the agents, there is no justification for a warrantless search as incident to arrest). In Lartey, the Second Circuit found that a search of the defendant's briefcase could not be justified as a search incident to arrest when the search was conducted sometime after the defendant's arrest (but before his incarceration) at a time when his briefcase was under the exclusive control of the agents. 716 F.2d at 966. In United States v. Gorski, 852 F.2d 692, 694-95 (2d Cir. 1988), the Second Circuit similarly found that the required exigent circumstances were lacking when the search of the defendant's bag occurred after the defendants had been arrested and handcuffed and there was no risk that they could get to a weapon in the bag or destroy or abscond with the evidence from the bag.[1]

---

[1] The government cites United States v. Robinson, 414 U.S. 218, 235 (1973) in support of its argument that a search incident to arrest was generally justified. As Your Honor noted in United States v. Razvi, 1998 WL 405048, * (S.D.N.Y. July 17, 1998), however, Robinson has been given a narrow reading (and United States v. Edwards, 415 U.S. 800 (1974) entirely disregarded) in the wake of the Supreme Court's decision in United States v. Chadwick, 433 U.S. 1 (1977).

Honorable Denise L. Cote  
United States District Judge  
Southern District of New York

August 20, 2008  
Page 4

Re: <u>United States v. Joseph Jordan,</u>  
08 Cr. 124 (DLC)

Because additional facts need to be developed in order for the defense to properly respond to and brief the government's general arguments concerning search-incident-to-arrest, we ask that we be allowed to brief this issue more fully after an evidentiary hearing.

Respectfully submitted,

*Fiona Doherty*

Fiona Doherty  
Julia Gatto  
Sabrina Shroff  
Attorneys for **Joseph Jordan**  
Tel.: (212) 417-8734; (212) 417-8750; (212) 417-8713

cc: Mr. Howard Master, Esq.  
Assistant United States Attorney (by ECF and fax)