

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*

*One Saint Andrew's Plaza*
*New York, New York  10007*

August 22, 2008

**BY HAND**

Hon. Denise L. Cote
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007

>    Re:    *United States v. Joseph Ray Jordan*,
>             S1 08 Cr.124 (DLC)

Dear Judge Cote:

      The Government respectfully submits this supplemental letter brief pursuant to Your Honor's request at yesterday's hearing in the above-captioned case.  The letter brief addresses: (1) the Government's application to admit at trial certain information that the defendant provided to Special Agent Michael Burgwald attendant to processing on the date of the defendant's arrest; and (2) the defendant's challenge to the sufficiency of the bill of particulars' description of two phone threats made by the defendant in December 2007.   For the reasons stated below, the Government should be permitted to introduce at trial the information provided by the defendant in response to questioning concerning the locales he frequented, and the defendant's challenge to the bill of particulars is without merit.[1]

---

    [1] The Government hereby withdraws its application to admit the defendant's financial information contained on the "USM Form 312" that was introduced into evidence at the hearing as Exhibit 3501-C.  Such financial information may be admitted into evidence from a number of other sources, including the results of the search of the defendant's wallet incident to arrest, which revealed that the defendant possessed checks and other banking-related documents for bank accounts in the names of individuals other than himself.

Hon. Denise L. Cote
August 22, 2008
Page 2 of 4

###   I.   Information Concerning the Locales Frequented by the Defendant is Properly Admitted

In response to a routine question set forth in the Form 312 inquiring about "Locales Frequented, (Hangouts)" of the defendant, the defendant replied "Cafe Noir, Lower East Side, New York, NY."

As the Supreme Court explained in *Pennsylvania v. Muniz*, 496 U.S. 582 (1990), "a routine booking question exception . . . exempts from *Miranda*'s coverage questions to secure the biographical data necessary to complete booking or pretrial services." *Id.* at 601. Permissible questions under this exception include those that "appear reasonably related to the police's administrative concerns." *Id.* at 601-02. "To determine whether the police abused the gathering of pedigree information in a manner that compels *Miranda* protection requires an objective inquiry: Should the police have known that asking the pedigree questions would elicit incriminating information?" *Rosa v. McCray*, 396 F.3d 210, 222 (2d Cir. 2005).

The information provided by the defendant in response to Special Agent Burgwald's question, which was asked pursuant to instructions on the USM Form 312, is among the routine pedigree information that properly may be obtained from a defendant attendant to booking without implicating *Miranda*'s protections. A routine inquiry into a defendant's "hangouts" is reasonably related to arresting authorities' administrative concerns because it may be necessary to separate individuals who are known to frequent the same, or mutually antagonistic, locales, should those individuals be detained by the authorities following arrest. Such separations may be necessary, for example, to prevent conflict in jail among members of rival gangs who are known to congregate at particular locales, or to prevent individuals who frequent the same locales from being lodged together. Thus, the inquiry is necessary to "complete booking" and enable arresting authorities to ensure the safety of arrestees and those guarding them.

Moreover, the routine inquiry of the defendant in this case was not abusive. The Court has already properly determined that Special Agent Burgwald had "no role in any underlying criminal investigation of the defendant," and thus had no motive to elicit incriminating information, and no reason to believe that "the answers to any of the questions on the form would likely or be reasonably likely to elicit an incriminating response from the defendant." (Hr'g Tr. 155-56). Moreover, Special Agent Burgwald had no reason to believe that the defendant's response to the brief inquiry into his "hangouts" would be incriminating; the defendant was not arrested or being investigated for frequenting a particular locale. Accordingly, the defendant's statement that he frequented "Cafe Noir" is properly admitted at trial.

Hon. Denise L. Cote
August 22, 2008
Page 3 of 4

### I.	The Challenge to the Bill of Particulars is Without Merit

In the defendant's initial motion to dismiss the indictment or for a bill of particulars, the defendant stated that he required a bill of particulars "to provide information about the alleged threats the Government is claiming violated the statutes in Counts One and Two." (Def. Mem. of Law in Support of Mot. to Dismiss ("Def. Mem.") 11).  Such information was necessary, according to the defendant, to determine whether the threats charged in the indictment constituted "true threats." (*Id.*).  The defendant sought information "about which alleged threats (containing what specific language) are at issue in this case." (*Id.* at 13).  In response, the Government provided a detailed bill of particulars specifying numerous "true threats" made by the defendant, including specific telephone threats to "kill" Victim-1 and "take [her] off the planet," and to "kill" Victim-1's sister and Victim-1's mother and "wipe all of [them] off the face of the earth." (Bill of Particulars 1).  In its reply letter brief in support of the motion to dismiss, the defendant asserts that he cannot adequately prepare for trial unless he knows the exact date and time of the calls to Victim-1 and her family members.  (Def. Reply Mem. at 2).

The defendant's arguments are without merit.  As the Second Circuit has firmly established, "[a] bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused.  Moreover, a bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004) (internal citations, parentheses and quotation marks omitted).

Hon. Denise L. Cote
August 22, 2008
Page 4 of 4

      Here, the bill of particulars clearly advises the defendant that he is accused of, among other things, making specific death threats to Victim-1 and members of her family over the telephone during a brief period in December 2007.  The "true threats" described by the bill of particulars provide the defendant with sufficient notice of "the specific acts of which he is accused."  Moreover, the Government has provided to the defendant detailed phone records for the defendant's phone in discovery that may be used by the defense to determine where and when the defendant may have made the threatening phone calls set forth in the bill of particulars.  Accordingly, the challenge to the sufficiency of the bill of particulars is without merit.  *See Chen*, 378 F.3d at 163 (affirming denial of application for bill of particulars "specifying the exact time and place of each alleged act associated with each offense identified in the indictment").

                                                              Respectfully submitted,

                                                              MICHAEL J. GARCIA
                                                              United States Attorney

By:    s/ Howard S. Master
        Howard S. Master
        Assistant United States Attorney
        Southern District of New York
        (212) 637-2248

cc:    Fiona Doherty, Esq., Federal Defenders of New York