UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
                                       :
UNITED STATES OF AMERICA,              :        08cr124 (DLC)
                                       :
              -v-                      :        18cv3372 (DLC)
                                       :
JOSEPH JORDAN,                         :        MEMORANDUM OPINION
                                       :          AND ORDER
                   Defendant.          :
                                       :
---------------------------------------X

DENISE COTE, District Judge:

     For the second time, defendant Joseph Jordan, proceeding
pro se, requests vacatur of an Opinion that denied his petition
for a writ of habeas corpus brought pursuant to 28 U.S.C. §
2255.  See Jordan v. United States, 2019 WL 4126439, at *1
(S.D.N.Y. Aug. 30, 2019) ("August 2019 Opinion").  Because this
motion is untimely, it is denied.

## **Background**

     The factual and procedural background of this case is set
forth at length in two Opinions of this Court:  the August 2019
Opinion and an Opinion denying Jordan's motion to set aside the
verdict at his trial.  United States v. Jordan, 591 F. Supp. 2d
686, 693 (S.D.N.Y. 2008) ("December 2008 Opinion").  Both are
incorporated by reference.

     In brief, in October 2008, a jury found Jordan guilty on
five counts, principally of witness tampering and transmitting
threatening communications.  August 2019 Opinion, 2019 WL

4126439, at *1.  Two attorneys from the Federal Defenders
represented Jordan at trial.  After the jury returned its
verdict, the Court granted Jordan's request for new counsel and
appointed CJA counsel to represent him at his sentencing.
Jordan then moved for a new trial, arguing, inter alia, that his
trial counsel was ineffective.  The December 2008 Opinion
analyzed each of his arguments, concluding that Joseph failed to
meet the rigorous standard to demonstrate that his trial counsel
was deficient.  December 2008 Opinion, 591 F. Supp. 2d at 711-
19.

Jordan filed a habeas petition in April 2018 that largely
renewed his earlier arguments.  The Court of Appeals for the
Second Circuit had affirmed Jordan's conviction by summary order
in March of 2016.  After considering the voluminous record
created by the 2018 petition, the Court denied Jordan's petition
to vacate his conviction.  August 2019 Opinion, 2019 WL 4126439.

In a filing of September 16, 2019, Jordan asserted that the
Court had not considered his memorandum in reply and requested
that that memorandum serve as a motion for reconsideration of
the August 2019 Opinion.[1]  The Court granted Jordan's request to
use his reply memorandum as a motion for reconsideration and

---

[1] As stated in the August 2019 Opinion and the October 2019 Order
denying Jordan's motion for reconsideration, the Court received
Jordan's reply prior to ruling on his § 2255 petition and
considered that document before issuing the August 2019 Opinion.

denied the motion on October 1, 2019.  <u>Jordan v. United States</u>,
18cv3372 (S.D.N.Y.), Dkt. No. 22.

Meanwhile, on September 16, 2019, Jordan filed a notice of
appeal from the August 2019 Opinion.  That appeal remains
pending.  On August 4, 2020, Jordan filed the instant petition.[2]
This petition largely tracks his arguments on appeal.

## Discussion

In this most recent petition, Jordan seeks reconsideration
of the August 2019 Opinion for a second time, this time under
Rule 60(b), Fed. R. Civ. P.  That motion is denied.[3]

"Rule 60(b) is not a substitute for appeal."  <u>Competex,
S.A. v. Labow</u>, 783 F.2d 333, 335 (2d Cir. 1986).  A movant may
not, therefore, use a Rule 60(b) motion to "relitigate" the
basis of the challenged judgment.  <u>Id.</u>  Furthermore, a Rule
60(b)(1) motion premised on a judge's error is time-barred once
the time to appeal the judgment has elapsed.  <u>See</u> <u>In re 310</u>

---

[2] The August 4 petition was received and docketed on August 18.

[3] Ordinarily, Jordan's September 19, 2019 notice of appeal would
deprive this Court of jurisdiction to consider his renewed post-
judgment motion.  <u>See</u> <u>Griggs v. Provident Consumer Discount Co.</u>,
459 U.S. 56, 58 (1982).  The Court of Appeals has recognized,
however, that a "district court can entertain and <u>deny</u> the rule
60(b) motion."  <u>Toliver v. Cty. of Sullivan</u>, 957 F.2d 47, 49 (2d
Cir. 1992) (citation omitted); <u>see also</u> <u>United States v.
Camacho</u>, 302 F.3d 35, 37 (2d Cir. 2002).

Associates, 346 F.3d 31, 35 (2d Cir. 2003).  And pursuant to
Local Rule 6.3, motions for reconsideration must be brought
within fourteen days after the challenged judgment.

The Court denied Jordan's § 2255 petition on August 30,
2019.  Under Local Rule 6.3, then, he was required to bring any
motion for reconsideration by September 13, 2019.  And pursuant
to Fed. R. App. P. 4(a)(1)(B), his deadline to appeal the August
2019 Opinion -- and thus to bring the instant Rule 60(b) motion
-- expired on October 29, 2019.  From either perspective, then,
this Rule 60 motion is untimely.  In any event, Jordan has put
the very same arguments in this Rule 60 application into his
appeal pending before the Court of Appeals.  Jordan may not use
this Rule 60 motion as a duplicate of his appeal.[4]

---

[4] Where a petitioner requests relief from the denial of a habeas
petition, the motion for vacatur may in some circumstances be
considered a second or successive habeas petition.  Gonzalez v.
Crosby, 545 U.S. 524, 531-32 (2005); see also Harris v. United
States, 367 F.3d 74, 77 (2d Cir. 2004).  If the petition
advances new substantive arguments upon which relief should be
granted or if it attacks the merits of the prior habeas
proceeding, then the Rule 60(b) motion is properly considered to
be a second or successive habeas petition.  Gonzalez, 545 U.S.
at 531.  If, on the other hand, "a Rule 60(b) motion attacks[]
not the substance of the federal court's resolution of a claim
on the merits, but some defect in the integrity of the federal
habeas proceedings," then the motion does not count as a second
or successive habeas petition.  Id. at 532; see Harris, 367 F.3d
at 77.  Jordan's petition attacks the merits of the August 2019
Opinion, not the integrity of the § 2255 proceeding.  In these
circumstances, the trial court has two options: it may transfer
the motion to the Circuit for potential certification or it may
simply deny the motion as outside the scope of Rule 60(b).  See
Harris, 367 F.3d at 82; Gitten v. United States, 311 F.3d 529,

## Conclusion

Jordan's August 4, 2020 petition, which he characterizes as a Rule 60(b) motion, is denied.  Because Jordan has not made a substantial showing of a denial of a federal right, a certificate of appealability will not issue.  Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriguez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990).  Pursuant to 28 U.S.C. § 1915(a)(3) any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444 (1962).

Dated:    New York, New York
          December 21, 2020

_____
          DENISE COTE
  United States District Judge

---

534 (2d Cir. 2002).  If Jordan's were motion timely, it would be denied.  As noted above, Jordan's pending appeal is already presenting the issues in this motion to the Circuit.

Copy mailed to:
JOSEPH RAY JORDAN (Register #: 60818-054)
FCI BUTNER MEDIUM I
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
BUTNER, NC 27509