```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
UNITED STATES OF AMERICA,           :
                                    :      18cv3372 (DLC)
            -v-                     :      08cr124 (DLC)
                                    :
JOSEPH JORDAN,                      :           ORDER
                                    :
                Defendant.          :
                                    :
------------------------------------X
```

DENISE COTE, District Judge:

On March 12, 2021, Joseph Jordan submitted a filing consisting of two parts.[1] The first part of the filing is styled as a "Motion for Declaration of Default, and Declaration That The Government Should Return Seized Property (Held By The FBI) To Movant or His Agent," and the second part is styled as a "Notice of Appeal & Motion For Reconsideration Regarding Decision on Motion for Relief."

In the first motion, Jordan argues that the Government is in default because it failed to respond to his August 4, 2020 motion for return of property, and that the Court should therefore order the Government to return his property. In the second motion, Jordan requests that this Court reconsider its December 21, 2020 Memorandum Opinion and Order (the "December 2020 Opinion") denying his August 4, 2020 motion for

---

[1] The March 12 filing was received and docketed by this Chambers on March 25.

reconsideration of this Court's August 2019 Opinion denying his petition for a writ of habeas corpus.[2]

Jordan's motion for declaration of default is denied. Pursuant to this Court's Order of December 21, 2020, the Clerk of Court assigned Jordan's motion for return of property to a new civil docket number, No. 20-cv-10812. An Order of January 20, 2021 informed Jordan that, in order to proceed with his motion for return of property, he was required to pay the $402.00 filing fee or submit an application to proceed in forma pauperis ("IFP") accompanied by the required prisoner authorization form. Jordan was instructed that, if he failed to comply with the Court's order to submit the filing fee or an application to proceed IFP on Dkt. No. 20-cv-10812 within 45 days of January 20, 2021, his civil action for return of property would be dismissed. Jordan did not comply with the Court's January 20, 2021 order. In an Order of March 15, 2021, his motion for return of property was denied. Since Jordan never complied with the conditions for initiating a new civil action, the Government was never obligated to respond to his motion for return of property and is not in default.

---

[2] The filing is styled as both a notice of appeal and a motion for reconsideration. Jordan, however, had previously filed on March 5, 2021 a notice of appeal of this Court's December 2020 Opinion. The Court therefore construes the filing solely as a second motion for reconsideration pursuant to Rule 60(b), Fed. R. Civ. P.

Jordan's renewed motion for reconsideration is also denied.[3] For the reasons set forth in the December 2020 Opinion, Jordan's initial motion for reconsideration was untimely.  Jordan's renewed motion is denied for the same reason.  Accordingly, it is hereby

ORDERED that the March 12, 2021 motions are denied.  The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

IT IS FURTHER ORDERED that the Clerk of Court shall mail Jordan a copy of this Order and note mailing on the docket.

SO ORDERED:

Dated:    New York, New York
          April 6, 2021

_____
DENISE COTE
United States District Judge

---

[3] Jordan has previously filed a notice of appeal of the December 2020 Opinion, and ordinarily, "[t]he filing of a timely and sufficient notice of appeal divests the district court of jurisdiction as to any matters involved in the appeal or as to the matters covered by the notice." New York v. United States Dep't of Homeland Sec., 974 F.3d 210, 215 (2d Cir. 2020) (citation omitted).  Assuming without deciding that Jordan's notice of appeal was timely and sufficient, this Court retains jurisdiction to deny Jordan's renewed motion for reconsideration pursuant to Rule 62.1(a), Fed. R. Civ. P., which allows a district court to deny a motion "made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending."